# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:15-CR-106 |
| CODY STEELE, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 31, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Tom Gibson.

Cody Steele was sentenced on March 15, 2016, before The Honorable Marcia A. Crone of the Eastern District of Texas, after pleading guilty to the offense of Failure to Register, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Cody Steele was subsequently sentenced to 37 months of imprisonment, followed by a 5-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, participate in drug testing and treatment, mental health treatment, participate in sex offender treatment, not have direct or indirect contact with children under the age of 18, not possess or view any images in any form or media or live venue which depicts sexually explicit conduct, comply with person and property search condition,

acquire a GED certificate, and a $100 special assessment. On February 20, 2018, Cody Steele completed his period of imprisonment and began service of the supervision term.

On January 15, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. #43, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (2) The defendant shall not possess or view any images in any form of media or in any live venue that depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2). This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) The defendant shall not maintain or create a user account on any social networking site (i.e. Myspace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile users under the age of 18.

The Petition alleges that Defendant committed the following acts: (1) On August 7, 2018, the defendant was found to be in possession of an unmonitored smartphone. The defendant verbally admitted to the probation officer that he possessed and used the unmonitored smartphone after being instructed by the probation officer not to do so on May 7, 2018; (2) On August 7, 2018, the defendant was found in possession of an unmonitored smartphone which contained images of pornography as confirmed by forensic analysis after seizure of the smartphone; (3) On April 6, 2018, the defendant admitted both verbally and in writing to using methamphetamine on March 2,

2018.  On October 26, November 2, November 9, and November 30, 2018, sweat patches were collected from the defendant's person.  Upon analysis by Pharmchem Inc. Laboratories, the sweat patches collected on October 26, November 2, and November 9, 2018, produced positive results for amphetamine.  The sweat patch collected on November 30, 2018, produced positive results for methamphetamine; and (4) On August 7, 2018, the defendant admitted to the probation officer that he accessed social media websites on the internet via use of his smartphone.

Prior to the Government putting on its case, Defendant entered a plea of true to all four (4) allegations of the Petition.  Having considered the Petition and the plea of true to all four (4) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with twenty-four (24) months of supervised release to follow.  The Court recommends that the following special conditions be reimposed:

(1)  The defendant must take all mental health medications that are prescribed by the treating physician.

(2)  The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or is convicted of a qualifying offense.

(3) The defendant must provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

(4) The defendant must participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant must pay any cost associated with treatment and testing.

(5) The defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.

(6) The defendant must participate in sex offender treatment services. These services may include psycho-physiological testing (i.e. clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant must abide by all rules and regulations of the treatment program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing. Should the defendant fail to pay as directed, the defendant must perform 3 hours of community service for each unpaid session.

(7) The defendant must not possess or view any images in any form of media or in any live venue that depicts "sexually explicit conduct" as defined under Title 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. The defendant must provide the probation officer with access to any requested financial information to determine if the defendant has purchased, viewed, or possessed sexually explicit material.

(8) The defendant must not have direct or indirect contact with children under the age of 18 unless supervised by an adult approved by the probation officer. This condition prohibits intentional conduct rather than inadvertent or incidental encounters with children under the age of 18.

(9) The defendant must submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of their conditions of supervised release.

(10) The defendant must not consume or possess alcoholic beverages or beer at any time.

(11) The defendant is barred from places where minors (under the age of 18) congregate, such as residences, parks, benches, pools, daycare centers, playgrounds, and schools unless prior written consent is granted by the Probation Office.

(12) The defendant's place of residence must not be within 1000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children.

(13) The defendant must consent to having installed any hardware or software systems on his/her computer(s) to monitor computer use. The defendant must pay any associated costs as directed by the Probation Office.

(14) The defendant must not maintain or create a user account on any social networking site (i.e. Myspace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant must not view and/or access any web profile users under the age of 18.

(15) The defendant must successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by the Probation Office. The defendant must also pay any associated costs as directed by the Probation Office.

(16) The defendant must consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background, or any computer-related restrictions that have been imposed.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 6th day of June, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE